UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| GABRIELLE LISNOFF, | ) |
| Plaintiff, | ) ) |
| v. | ) C.A. No.: CA 12-197ML ) |
| MICHAEL STEIN, M.D. | ) ) |
| Defendant. | ) ) |

## COMPLAINT

### Nature of the Action

1. This is an action by the Plaintiff, Gabrielle Lisnoff, seeking both compensatory and punitive damages and other relief against the Defendant, Michael Stein, M.D., for multiple violations of the Plaintiff's statutory right to privacy under R.I.G.L. § 9-1-28.1 and for intentional infliction of emotional distress. This action involves a book entitled "The Addict: One Patient, One Doctor, One Year" which was written by the Defendant and subsequently published. As set forth below, the Defendant treated the Plaintiff from approximately 2005 through approximately 2010. During the course of purporting to treat the Plaintiff, the Defendant elicited private facts and stories from her and probed into her personal affairs. Subsequently, without the Plaintiff's knowledge or permission, the Defendant authored and caused to be published the aforementioned book about her life and history with drug addiction.

## Parties

2. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraph No. 1.

3. The Plaintiff is a resident of the State of New York. The Plaintiff was a patient of the Defendant from in or about March of 2005 through in or about May of 2010.

4. Upon information and belief, the Defendant is a resident of Rhode Island. At all relevant times, the Defendant was licensed to practice medicine in the State of Rhode Island and held himself out to be a specialist in the field of internal medicine with a secondary specialty in geriatric medicine. The Defendant provided treatment to the Plaintiff from in or about March of 2005 through in or about May of 2010.

## Jurisdiction and Venue

5. This is an action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs. As such, jurisdiction is premised upon 28 U.S.C. § 1332.

6. The Defendant has sufficient contacts with the State of Rhode Island to be subject to the jurisdiction of this Court.

7. Venue is proper pursuant to 28 U.S.C. § 1391(a).

## Statement of Facts

8. The Plaintiff's first appointment for treatment with the Defendant was on March 29, 2005.

9. On or about April 5, 2005, the Plaintiff was admitted into a Suboxone maintenance program ("the Program") overseen by the Defendant.

10. Throughout the duration of the Program, the Plaintiff attended regular appointments several times per month with Defendant.

11. During the sessions with the Defendant, the Plaintiff was asked detailed questions by the Defendant concerning her private life, romantic history, work history, childhood and adolescence, and her relationships with family members.

12. In or about late March 2009, the Plaintiff was conducting online research for a college class when she discovered a book written by Defendant Stein entitled <u>The Addict: One Patient, One Doctor, One Year</u> (hereinafter "the book").

13. Subsequently, the Plaintiff purchased a copy of the book and began reading it.

14. To the Plaintiff's shock, surprise and dismay, many of the stories contained in the book were quoted from what she had told the Defendant during her treatment sessions or were closely adapted from private facts that she had confidentially shared with him during her appointments with him for treatment.

15. The Plaintiff had expected, as any reasonable patient would, that her private conversations during her treatment sessions with the Defendant would remain private and confidential and not be disclosed by him, and that he would not seek to profit from those patient-physician conversations.

16. Until she first learned of the book's existence after it was published, the Plaintiff had been unaware that the Defendant had written a book based upon information she had disclosed during her treatment with him.

17. As part of his purported treatment of the Plaintiff, the Defendant solicited information regarding her most private, embarrassing, and traumatizing memories in order to surreptitiously obtain material for the book.

### *COUNT I Intrusion upon Seclusion - R.I.G.L. § 9-1-28.1(a)(1)*

18. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 17.

19. The Defendant invaded Plaintiff's right to privacy by intruding upon her physical solitude and seclusion in violation of R.I.G.L. § 9-1-28.1(a)(1).

20. For the purposes of what she believed to be medical treatment, the Plaintiff revealed highly embarrassing and private details to the Defendant expecting those details to remain private.

21. The Defendant elicited said private details for the purposes of authoring a book about the Plaintiff without obtaining her permission.

22. The foregoing invasion was highly objectionable to the Plaintiff and would be highly objectionable to any reasonable person.

### *COUNT II Appropriation of Name or Likeness - R.I.G.L. § 9-1-28.1(a)(2)*

23. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 22.

24. The Defendant invaded the Plaintiff's right to privacy by wrongfully appropriating her likeness in violation of R.I.G.L. § 9-1-28.1(a)(2).

25. The Defendant authored the book and caused it to be published without the Plaintiff's knowledge or permission.

26. The Defendant used the private information that he elicited from the Plaintiff and appropriated her likeness in order to create a character in the book.

27. In authoring the book, the Defendant acted to benefit himself and not the Plaintiff.

### *COUNT III Unreasonable Publicity to One's Private Life - R.I.G.L. § 9-1-28.1(a)(3)*

28. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 27.

29. The Defendant invaded the Plaintiff's right to privacy by giving unreasonable publicity to the Plaintiff's private life in violation of R.I.G.L. § 9-1-28.1(a)(3).

30. As set forth herein, the Defendant published a number of the Plaintiff's private facts.

31. The facts which were made public would be offensive or objectionable to a reasonable person of ordinary sensibilities.

### *COUNT IV Intentional Infliction of Emotional Distress*

32. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 31.

33. The Defendant intentionally inflicted emotional distress on the Plaintiff by authoring and causing to be published the book about her, without her prior permission, authorization or knowledge..

34. The Defendant acted in reckless disregard of the probability of causing emotional distress to the Plaintiff.

35. The Defendant's conduct was extreme and outrageous.

36. As a result of the Defendant's conduct, the Plaintiff has suffered severe emotional distress and will continue to suffer such emotional distress.

### **Prayer For Relief**

WHEREFORE, the Plaintiff, Gabrielle Lisnoff, hereby demands judgment against the Defendant, Michael Stein, M.D., for compensatory damages, punitive damages, attorneys fees, costs, an assignment of a percentage of all future revenue received by the Defendant that is

derived in any manner from his authorship of the book entitled "The Addict: One Patient, One Doctor, One Year" and such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

The Plaintiff hereby demands trial by jury.

Plaintiff, GABRIELLE LISNOFF
By Her Attorneys,

/s/ Kristine S. Trocki
Kristine S. Trocki Bar No. 6235
Michael L. Mineau Bar No. 8287
38 Narragansett Avenue, Suite D
Jamestown, Rhode Island 02835
Tel. 401.423.3390
Fax 401.423.3370
E-mail kst@trockilaw.com
E-mail mlm@trockilaw.com

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz Bar No. 6115
DarrowEverett, LLP
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Tel. 401.453.1200
Fax 401.453.1201
E-mail ctamuleviz@darroweverett.com

Dated: March 16th, 2012